```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 10/16/09
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------X
                              :
ROBERT JOHNSON,               :
                              :   No. 09 Civ. 1959 (WHP)
            Plaintiff,        :
                              :
       -against-              :   MEMORANDUM & ORDER
                              :
TISHMAN SPEYER PROPERTIES, L.P., :
                              :
            Defendant.        :
                              :
------------------------------X

WILLIAM H. PAULEY III, District Judge:

Plaintiff pro se Robert Johnson ("Johnson") brings this employment discrimination action against Defendant Tishman Speyer Properties, L.P. ("Tishman Speyer") claiming race discrimination and retaliation in violation of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e et seq., the New York State Human Rights Law (the "NYSHRL"), N.Y. Exec. Law § 290 et seq., and the New York City Human Rights Law (the "NYCHRL"), N.Y.C. Admin. Code § 8-101 et seq. Tishman Speyer moves to compel arbitration and dismiss the Complaint pursuant to the Federal Arbitration Act (the "FAA"), 9 U.S.C. §§ 3-4. For the following reasons, Tishman Speyer's motion is granted.

## BACKGROUND

Johnson was employed at a building managed by Tishman Speyer until his termination in September 2007. (Declaration of Michelle A. Burg dated July 17, 2009 ("Burg Decl.") Ex. B: Affidavit of Michael Badowski dated July 15, 2009 ("Badowski Aff.") ¶¶ 4, 6.)

Johnson is a member of the Service Employees International Union, Local 32BJ ("Local 32BJ"), which has a collective bargaining agreement (the "CBA") with Tishman Speyer that governs the terms of its members' employment with Tishman Speyer. (Badowski Aff. ¶¶ 2-5 and Ex. A: 2005 Commercial Building Agreement Between Local 32BJ Service Employees International Union, AFL-CIO and The Realty Advisory Board on Labor Relations, Inc., Effective October 1, 2004 To December 31, 2007 ("CBA").)

Article XIX § 24 of the CBA provides:

§ 24. *No Discrimination.* There shall be no discrimination against any present or future employee by reason of race . . . or any characteristic protected by law, including, but not limited to, claims made pursuant to Title VII of the Civil Rights Act, the Americans with Disabilities Act, the Age Discrimination in Employment Act, the New York State Human Rights Law, the New York City Human Rights Code or any other similar laws, rules or regulations. All such claims <u>shall be subject</u> to the grievance and arbitration procedure (Articles VII and VIII) as <u>the sole and exclusive remedy for violations</u>. Arbitrators shall apply appropriate law in rendering decisions based upon claims of discrimination. (CBA at 88 (emphasis added).)

Moreover, Article VII of the CBA establishes a Joint Industry Grievance Committee (the "JIGC") that must attempt to resolve any arbitrable disputes before arbitration. (CBA at 22-23.) If the JIGC cannot resolve a dispute, the CBA provides that "[a] Contract Arbitrator shall have the power to decide all differences arising between the parties as to interpretation, application or performance of any part of this agreement, and such other issues as are expressly required to be arbitrated before him...." (CBA at 23-24.) Finally, under Article VIII § 3, the CBA's arbitration procedure "shall be the sole and exclusive method for the determination" of all "matters over which a Contract Arbitrator has jurisdiction." (CBA at 25.)

On August 17, 2007, Johnson was suspended for violating building security regulations. Following an investigation, he was terminated on September 12. (Badowski Aff. Ex. B: Termination letter dated Sept. 12, 2007 ("Sept. 12, 2007 Letter").) At Johnson's request,

2

Local 32BJ filed a grievance with the JIGC pursuant to the CBA claiming that Johnson was "unjustly suspended." (Badowski Aff. Ex. C: Letter from Local 32BJ to RAB dated Sept. 21, 2007 ("Sept. 21, 2007 Letter").) The grievance did not assert claims of discrimination or retaliation. (Sept. 21, 2007 Letter.) Local 32BJ held the grievance in abeyance and referred the matter to the Grievance Appeal Board to determine whether it should be pursued. (Badowski Aff. ¶ 9.) However, Johnson failed to timely appeal to the Grievance Appeal Board, so Local 32BJ withdrew its demand for a JIGC hearing without prejudice. (Badowski Aff. Ex. D: Letter from Local 32BJ to RAB dated Nov. 27, 2007.)

Johnson now claims his termination resulted from Tishman Speyer's discriminatory enforcement of security regulations and was in retaliation for his objections to alleged discrimination by his supervisors. (Burg Decl. Ex. A: Summons and Complaint.) Johnson also asserts that union representatives treated him with hostility when he questioned them about his grievance and criticized the union's actions. (Plaintiff's Opposition dated Aug. 15, 2009 at 2.)

## DISCUSSION

I. Legal Standard

When a plaintiff proceeds pro se, his complaint and other documents filed must be liberally construed. Erickson v. Pardus, 551 U.S. 89, 94 (2007). This Court interprets Johnson's submissions "to raise the strongest arguments they suggest." Bertin v. United States, 478 F.3d 489, 491 (2d Cir. 2007); Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994).

The FAA "is an expression of a strong federal policy favoring arbitration as an alternative means of dispute resolution." JLM Indus., Inc. v. Stolt-Nielsen SA, 387 F.3d 163,

3

171 (2d Cir. 2004) (citation omitted). An agreement to arbitrate "shall be valid, irrevocable, and enforceable, save upon such grounds as exist at law or in equity for the revocation of any contract." 9 U.S.C. § 2. When deciding a motion to compel arbitration, a court conducts four inquiries: "(1) whether the parties agreed to arbitrate; (2) the scope of the agreement to arbitrate; (3) if federal statutory claims are asserted, whether Congress intended those claims to be nonarbitrable; and (4) if some, but not all, of the claims are arbitrable, whether to stay the balance of the proceedings pending arbitration." Rodriguez v. Four Seasons Hotels, Ltd., No. 09 Civ. 2864 (DLC), 2009 WL 2001328, at *3 (S.D.N.Y. July 10, 2009) (citing JLM Indus., 378 F.3d at 169).

## II. Johnson's Claims

The CBA provides that employment discrimination claims made pursuant to, inter alia, Title VII, the NYSHRL, and the NYCHRL "shall be subject to the grievance and arbitration procedure . . . as the sole and exclusive remedy for violations." (CBA at 88.) This language shows an agreement to arbitrate and covers employment discrimination claims. The question is whether the union may bind its members to arbitrate their claims.

In 14 Penn Plaza LLC v. Pyett, the Supreme Court held that "a collective-bargaining agreement that clearly and unmistakably requires union members to arbitrate [age discrimination] claims is enforceable as a matter of federal law." 129 S. Ct. 1456, 1474 (2009). "[T]he CBA's arbitration provision must be honored unless the [statute] itself removes this particular class of grievances from the NLRA's broad sweep." 14 Penn Plaza, 129 S. Ct. at 1465. The Supreme Court explained that if Congress did not prohibit waiver of judicial remedies, the only requirement for enforceability is that "an agreement to arbitrate statutory

4

antidiscrimination claims be 'explicitly stated' in the collective-bargaining agreement." 14 Penn Plaza, 129 S. Ct. at 1465 (citing Wright v. Univ. Maritime Serv. Corp., 525 U.S. 70, 80 (1998)).

Although 14 Penn Plaza involved ADEA claims, the Court noted that "nothing in the text of Title VII ... precludes contractual arbitration." 14 Penn Plaza, 129 S. Ct. at 1470 n.9. Thus, district courts have held that Title VII and other discrimination claims can be arbitrated pursuant to collective bargaining agreements. See Borrero v. Ruppert Housing Co., No. 08 Civ. 5869 (HB), 2009 WL 1748060, at *2 (S.D.N.Y. June 19, 2009) ("[i]t is clear that the Court's holding [in 14 Penn Plaza] applies with equal force to Title VII claims"); Shipkevich v. Staten Island Univ. Hosp., No. 08 Civ. 1008 (FB) (JMA), 2009 WL 1706590, at *1 (E.D.N.Y. June 16, 2009) ("the Court's reasoning [in 14 Penn Plaza] applies equally well to Title VII claims"). Because the CBA evidences a clear intent to arbitrate, Johnson's statutory race discrimination claims are within the scope of the arbitration clause. Accordingly, Johnson's Title VII claim must be arbitrated as Congress has not precluded the waiver of judicial remedies for Title VII claims.

Similarly, Johnson's state and city discrimination claims are also subject to arbitration. See, e.g., Rodriguez, 2009 WL 2001328, at *3 (plaintiff's "state and city discrimination claims [under the NYSHRL and NYCHRL] are clearly within the scope of the arbitration clause, and as such must be submitted to arbitration"); Fletcher v. Kidder, Peabody & Co., 619 N.E.2d 998, 1003 (N.Y. 1993) (race discrimination claims under the NYSHRL are arbitrable); Sum v. Tishman Speyer Props., Inc., 829 N.Y.S.2d 507, 507 (1st Dep't 2007) (arbitration clause that "specifically include[d] within its scope gender discrimination claims under the New York City Human Rights Law" was enforceable).

5

Johnson's arguments against arbitration are unavailing. The fact that he is no longer employed by Tishman Speyer does not relieve him of the mandatory arbitration provision. See Borrero, 2009 WL 1748060, at *1-3 (ordering arbitration of employment discrimination claims brought against plaintiff's former employer); Josie-Delerme v. Am. Gen. Fin. Corp., No. 08 Civ. 3166 (NG), 2009 WL 2366591, at *1, 5 (E.D.N.Y. July 31, 2009) (same).

Moreover, his assertion that he was met with hostility from union representatives is insufficient to overcome the CBA's binding arbitration provision. The Supreme Court declined to consider in 14 Penn Plaza whether "the CBA operates as a substantive waiver" of employees' rights where the union "prevent[s] [members] from effectively vindicating their federal statutory rights in the arbitral forum." 129 S. Ct. at 1474. Based on that reservation, an exception to the enforceability of a union-negotiated arbitration provision may exist where a union prevents a member from arbitrating discrimination claims. Kravar v. Triangle Services, Inc., No. 06 Civ. 07858 (RJH), 2009 WL 1392595, at *3 (S.D.N.Y. May 19, 2009) (union declined to arbitrate employee's claims where the CBA permitted only the union to file grievances). However, because Johnson concedes that he declined to pursue his grievance, this Court need not consider this exception. Accordingly, Johnson's claims under Title VII, the NYSHRL and NYCHRL must be submitted to arbitration.

While Section 3 of the FAA requires a district court to stay proceedings where an issue before it is arbitrable under an agreement, "courts have the discretion to dismiss—rather than stay—an action when all of the issues in it must be arbitrated." Milgrim v. Backroads, Inc., 142 F. Supp. 2d 471, 476 (S.D.N.Y. 2001) (emphasis added). Because all Johnson's claims must be arbitrated pursuant to the CBA, "no useful purpose will be served by granting a stay of ...

6

[the] claims and the case may be dismissed." Alemac Ins. Serv., Inc. v. Risk Transfer, Inc., No. 03 Civ. 1162 (WHP), 2003 WL 22024070, at *3 (S.D.N.Y. Aug. 28, 2003).

## CONCLUSION

For the foregoing reasons, Tishman Speyer Properties, L.P.'s motion to compel arbitration is granted and this action is dismissed. The Clerk of the Court shall terminate all pending motions and mark this case as closed.

Dated:   October 16, 2009
         New York, New York

SO ORDERED:

_____
WILLIAM H. PAULEY III
U.S.D.J.

*Copies Mailed To:*

Robert Johnson
2260 Crotona Avenue # 3M
Bronx, NY 10457
*Pro Se Plaintiff*

Michelle A. Burg
Akin Gump Strauss Hauer & Feld LLP
One Bryant Park
New York, NY 10036
*Counsel for Defendant Tishman Speyer Properties, L.P.*

8